UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 MAY 20 PM 12:56

DAVID J. BLACK and HALEY BLACK,

    on behalf of themselves and
    others similarly situated,

v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.    /

CLASS REPRESENTATION COMPLAINT
JURY TRIAL DEMANDED

CASE NO.: 3:14-CV-584-J-39PDB

## CLASS ACTION COMPLAINT

Plaintiffs DAVID J. BLACK and HALEY BLACK, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, hereby sue SELECT PORTFOLIO SERVICING, INC. for declaratory and injunctive relief and damages. Plaintiffs DAVID J. BLACK and HALEY BLACK, on behalf of themselves and all others similarly situated, seek a declaration that the illegal practices of Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") which include engaging in a pattern and practice of knowingly contacting consumers who are represented by lawyers regarding consumer debts in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (2013). These consumer protection laws prohibit debt collectors from engaging in abusive, deceptive, and unfair practices when attempting to collect consumer debts. In addition, Plaintiff requests that she and the class members be awarded actual and statutory damages against Defendant SPS.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction for all state claims exists pursuant to 28 U.S.C. § 1367. Venue is proper because the causes of action alleged herein accrued here in this District.

## PARTIES

2. Plaintiff David J. Black is an individual who resides in Jacksonville, Duval County, Florida.

3. Plaintiff Haley Black is an individual who resides in Jacksonville, Duval County, Florida.

4. Defendant SPS is a foreign corporation authorized to do business in Florida with its principal office in Salt Lake City, Utah.

5. Defendant SPS regularly attempts to collect debts incurred for personal, family or household purposes from consumers on behalf of creditors such as Deutsche Bank National Trust Company.

6. All conditions precedent to bringing this action have been satisfied, waived or excused. This action is timely filed.

## FACTUAL ALLEGATIONS

7. On July 11, 2013, Deutsche Bank National Trust Company, through its counsel, filed a foreclosure complaint against Mr. and Mrs. Black in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2013-CA-006950-XXXX-MA (the "Foreclosure Lawsuit").

8. The Blacks retained Sean Espenship to represent them in connection with the Foreclosure Lawsuit. On August 7, 2013, Sean Espenship filed his Notice of Appearance on

behalf of the Blacks in the Foreclosure Lawsuit. This Notice of Appearance was served upon Deutsche Bank National Trust Company's lawyer per the Florida Rules of Civil Procedure.

9. The alleged debt due from Mr. and Mrs. Black was incurred for personal, family, or household purposes.

10. On August 8, 2013, SPS called Mr. and Mrs. Black's home, seeking payment on the loan and mortgage which was the basis for the Foreclosure Lawsuit filed on behalf of Deutsche Bank. SPS was informed that Mr. and Mrs. Black were represented by an attorney and that SPS should contact Mr. Espenship. SPS was provided with Mr. Espenship's contact information.

11. On August 9, 2013, SPS sent a letter to Mr. Espenship directly, evidencing its actual knowledge of Mr. Espenship's representation of the Blacks and its possession of the means to contact Mr. Espenship.

12. On August 15, 2013, despite having actual knowledge that the Blacks were represented by counsel, SPS sent correspondence attempting to collect upon a consumer debt to the Blacks.

13. Also on August 15, 2013, Mr. Espenship called SPS and confirmed his representation of the Blacks.

14. SPS's continued direct communication with the Blacks was a clear violation of the FDCPA and the FCCPA.

15. Again, despite actual knowledge that the Blacks were represented by Mr. Espenship, on August 20, 2013, SPS sent the Blacks a default letter and right to cure, demanding payment for the consumer debt which was already the subject of the Foreclosure Lawsuit (the "Default Letter").

16. In the Default Letter, SPS claims that it has been instructed by Deutsche Bank National Trust Company to pursue remedies against the Blacks unless they took action to cure the default on their promissory note.

17. The Default Letter caused the Blacks severe anxiety and stress because they were already in the midst of the Foreclosure Lawsuit and thought that Mr. Espenship was representing their interests against Deutsche Bank National Trust Company.

18. The Default Letter was false, misleading and misrepresented the status of the Blacks' debt in that it implied SPS had the authority to take actions against the Blacks. At the time the Default Letter was sent by SPS, Deutsche Bank National Trust Company had already exercised its rights against the Blacks under the Promissory Note and Mortgage in the Foreclosure Lawsuit. SPS had no authority from Deutsche Bank to take action against the Blacks and there was no further action which SPS could have taken against the Blacks.

19. In response to the Default Letter, Mr. Black again contacted SPS to inform them that they were represented by an attorney.

20. On August 22, 2013, SPS then sent another letter to Mr. Espenship, the Blacks' lawyer, which evidences their actual knowledge of his representation and of his contact information. However, SPS falsely states that Mr. Espenship has not contacted them to confirm his representation of the Blacks.

21. SPS states that it is their second request to Mr. Espenship to confirm his representation, falsely implying that he has not contacted them.

22. SPS clearly had actual knowledge of Mr. Espenship's representation of the Blacks. Their internal failure to properly update their own records are not a shield against clear violations of the laws enacted to protect consumers like the Blacks.

23. Further, if SPS really was in contact with the noteholder Deutsche Bank National Trust Company, it would have known that there was active litigation involving the Blacks and that its collection efforts directly against the Blacks should have ceased.

24. On September 17, 2013, SPS sent the Blacks a letter attempting to collect on their consumer debt, again violating the law.

25. The Blacks called SPS the same day. When the Blacks confirmed that SPS had Mr. Espenship's contact information, SPS claimed that Mr. Espenship's authorization to speak on their behalf "had expired." This statement is false, misleading and directly interfered with the Blacks' attorney-client relationship with Mr. Espenship. Mr. Espenship's representation of the Blacks had not expired.

26. On September 19, 2013, SPS called the Blacks. Again the Blacks confirmed that Mr. Espenship was representing them. Rather than ending the call, SPS proceeded to discuss payment terms with the Blacks, clearly attempting to collect on their consumer debt.

27. SPS proceeded to contact the Blacks several more times, despite its actual knowledge of Mr. Espenship's representation of them, attempting to collect on their consumer debt.

## PROHIBITED POLICIES AND PRACTICES

28. It is or was the policy and practice of Defendant to continue to contact consumers in the State of Florida after being informed that the consumers are represented by counsel on matters arising from their consumer debt.

29. It was the policy and practice of the Defendant to ignore information received regarding the representation of consumers by counsel in order to continue to attempt to collect consumer debts.

30. It was the policy and practice of the Defendant to send letters to consumers which used false or deceptive means to collect or attempt to collect consumer debts, claiming authority to act on behalf of the holder of a consumer debt when in fact it had no such authority.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs are the representatives of a putative class seeking declaratory, injunctive and monetary relief for the wrongful acts of the Defendant relating to the illegal policies and practices employed by it to collect or attempt to collect debts from the Plaintiffs and members of the putative Class.

32. On information and belief, Plaintiffs allege that based on the use of standardized letters and call centers, the members of the putative Class are so numerous that joinder of all putative Class members is impracticable.

33. Further, there are questions of law and fact common to each Class member and the claims of the Plaintiffs are typical of the claims of the Class members.

34. The Plaintiffs will fairly and adequately protect the interests of the putative Class. They have retained counsel who is experienced in handling actions related to the unlawful practices under FDCPA and FCCPA in individual and class action cases. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

35. The Class that Plaintiffs seeks to represent is objectively defined as:

All persons who are residents of Florida who were contacted by Defendant for the purpose of collecting on consumer debt, using any means while the person was represented by counsel in connection with the same consumer debt where the Defendant knew of or could reasonably ascertain the attorney's name and contact information.

36. Plaintiff seeks to certify two Subclasses within the Class.

37. The FDCPA Class is defined as those class members who contacted by Defendant while they were represented by counsel during the one year period prior to the date of the filing of this action.

38. The FCCPA Class is defined as those class members who contacted by Defendant while they were represented by counsel during the two year period prior to the date of the filing of this action.

39. There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. Common issues of fact and law include, without limitation, the following:

   a. Whether class members were represented by counsel on matters arising from a consumer debt;

   b. Whether Defendant had knowledge of the consumers' representation by counsel and a means to contact;

   c. Whether Defendant contacted class members despite knowledge of their representation by counsel;

   d. Whether Defendant used false representations or deceptive means in an attempt to collect a debt by, e.g., asserting it had authority from the noteholder to take actions against the class member when there was already a foreclosure action pending;

   e. Whether Defendant used false representations or deceptive means in an attempt to collect a debt by, e.g., asserting that the consumers' counsel did not have authorization to represent them in connection with matters arising from their consumer debts.

40. Certification of the class pursuant to FED. R.CIV. P. 23(b)(2) is appropriate because the Defendant has acted on grounds generally applicable to the Plaintiffs and all proposed members of the class thus making final injunctive or declaratory relief appropriate. The relief sought here is a declaration that the actions of the Defendant described above were illegal and injunctive relief enjoining the Defendants from continuing to send letters to consumers in the State of Florida or contacting them by other means after being informed the consumer was represented by an attorney on matters arising from their consumer debts.

41. Certification of the class pursuant to FED. R.CIV. P. 23(b)(3) is also appropriate in that questions of law and fact common to claims of the Plaintiff and the members of the Class and Subclasses predominate over questions of law or fact affecting only individual members of the Class and Subclasses, such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The issues relating to the claims of the Plaintiffs do not vary from the issues relating to the claims of the other members of the Class and Subclasses. Thus, a class action provides a far more efficient vehicle to resolve those claims than through a myriad of separate lawsuits. All of these issues arise from Defendant's acts and practices described above. Questions of law and fact that are common to all members of the Class and Subclasses include those set forth above in Paragraph 39.

## COUNT I—VIOLATION OF FDCPA

42.. Plaintiffs incorporate by reference and reallege each of the allegations contained in Paragraphs 1-41 of this complaint with the same force and vigor as if set out here in full.

43. This action is for statutory damages pursuant 15 U.S.C. § 1692 *et seq.* as a result of the Defendant's unlawful pattern and practice of contacting consumers by letter and other means with actual knowledge that the consumer is represented by an attorney in matters arising

from the consumer debt Defendant is attempting to collect and with knowledge of or the ability to reasonably ascertain such attorney's name and address and its unlawful pattern and practice of using false representations or deceptive means to collect on a consumer debt.

44. Mr. and Mrs. Black and those similarly situated to them are consumers as defined by 15 U.S.C. § 1692a(3).

45. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

46. Defendant's violations of the FDCPA with regard to Mr. and Mrs. Black and those similarly situated to them include, but are not limited to, the following:

   a. The false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. The use of any false representation or deceptive means in an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10); and

   c. Contacting the consumer with knowledge of their representation by an attorney in connection with the debt and with knowledge or the ability to reasonably ascertain the attorney's name and address, in violation of 15 U.S.C. § 1692c(a)(2).

47. Defendant's actions in collecting or attempting to collect the alleged debts of Mr. and Mrs. Black and those similarly situated to them were not taken in good faith because the Defendant knew or should have known that these consumers should not have been contacted directly due to their representation by attorneys. Defendant knew or should have known there was active foreclosure litigation and could have at any time verified the attorney's representationby checking the public records regarding the pending case.

### COUNT II—VIOLATION OF FCCPA

48. Plaintiffs incorporate by reference and reallege each of the allegations contained in Paragraphs 1-41 of this complaint with the same force and vigor as if set out here in full.

49. This action is for statutory damages, declaratory and injunctive pursuant § 559.55, Fla. Stat. *et seq.* as a result of the Defendant's unlawful pattern and practice of contacting consumers by letter and other means with actual knowledge that the consumer is represented by an attorney in matters arising from the consumer debt Defendant is attempting to collect and with knowledge of or the ability to reasonably ascertain such attorney's name and address.

50. Mr. and Mrs. Black and those similarly situated to them are consumers or debtors as defined by § 559.55(2), Fla. Stat. (2013).

51. Defendant is a debt collector as defined by § 559.55(6), Fla. Stat. (2013).

52. Defendant's violation of the FCCPA includes, but is not limited to, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of § 559.72(9), Fla. Stat. (2013) and communicating with a debtor with knowledge that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, in violation of § 559.72(18), Fla. Stat. (2013).

53. Defendant's acts in collecting or attempting to collect on the alleged debts of Mr. and Mrs.Black and those similarly situated to them were not taken in good faith because it knew or should have known that these consumers should not have been contacted directly due to their representation by attorneys. Defendant knew or should have known there was active foreclosure litigation and could have at any time verified the attorney's representation by checking the public records regarding the pending case.

54. Defendant's actions were taken in wilful violation of the laws designed to protect consumers for the purpose of confusing and misleading the consumers.

WHEREFORE, Plaintiffs David and Haley Black on behalf of themselves and the members of the Class and Subclasses they seek to represent, requests the following relief:

a) An Order allowing Mr. and Mrs. Black to proceed on behalf of the class of individuals described in Paragraphs 35 through 38, inclusive above and declaring this action can be properly proper prosecuted as a class representation action, describing and establishing the class and subclasses described above, and finding that Plaintiff is an adequate class representative;

b) A Judgment adjudging and declaring that the DefendantSelect Portfolio Serving, Inc. violated the FDCPA and the FCCPA by sending letters and contacting consumers in the State of Florida in the collection or the attempted collection of a debt with knowledge that the consumers were represented by attorneys and with knowledge of or the reasonable ability to ascertain the attorneys' name and address;

c) A Judgment pursuant to the FCCPA Defendant Select Portfolio Serving, Inc. from sending letters and contacting consumers in the State of Florida in the collection or the attempted collection of a debt with knowledge that the consumers were represented by attorneys and with knowledge of or the reasonable ability to ascertain the attorneys' name and address;

d) A Judgment awarding each of the Plaintiffs and members of the Class and Subclasses actual damages;

e) A Judgment awarding statutory damages pursuant to 15 U.S.C. § 1692k based upon Defendant's violation of the FDCPA ;

f)   A Judgment awarding statutory damages pursuant to § 559.77, Fla. Stat. (2013) based upon Defendant's violation of the FCCPA ;

g)   A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat. (2013); and

h)   Awarding Plaintiffs and members of the Class and Subclasses such other and further relief as may be just and proper.

Respectfully submitted,

S/Helen H. Albee
Neil L. Henrichsen
Fla. Bar No. 0111503
Helen H. Albee
Fla. Bar No.: 987247
HENRICHSEN SIEGEL, P.L.L.C.
1648 Osceola St.
Jacksonville, FL  32204
(904) 381-8183
(904) 381-8191 (Facsimile)
Halbee@hslawyers.com